T.C. Memo. 2004-84

UNITED STATES TAX COURT

ANDREA J. VUXTA, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 102-03.                    Filed March 23, 2004.

<u>Albert N. Peterlin</u>, for petitioner.

<u>Richard A. Stone</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

PANUTHOS, <u>Chief Special Trial Judge</u>:  This proceeding was commenced under section 6015 for review of respondent's determination that petitioner is not entitled to relief from joint and several liability with respect to unpaid tax

liabilities on certain joint returns filed with James S. Vuxta.[1]
After concessions,[2] the issue for decision is whether respondent
abused his discretion in denying petitioner's request for relief
under section 6015(f) for taxable years 1989, 1990, and 1991.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for the years in issue, and
Rule references are to the Tax Court Rules of Practice and
Procedure.

### FINDINGS OF FACT

This case was submitted fully stipulated pursuant to Rule
122(a).  All stipulated facts are found accordingly.  The
attached exhibits are incorporated by reference.  Petitioner

---

[1]  Petitioner contends that for the taxable years 1989
through 1992, the unpaid tax liabilities total $42,329.35,
including interest and penalties.  Respondent contends that for
the same taxable years the unpaid tax liabilities total
$18,617.38, which amount does not include interest, penalties,
and payments after Mar. 14, 2003.

[2]  Petitioner requested relief from joint and several
liability for the taxable years 1988 through 1997.  After
respondent denied her request, petitioner commenced an action for
determination of relief only with respect to taxable years 1989,
1990, 1991, and 1992 and only under sec. 6015(f).  Consequently,
we conclude that petitioner has abandoned any contention with
respect to the other taxable years and to relief under sec.
6015(b) and (c).  See Butler v. Commissioner, 114 T.C. 276, 278
n.2 (2000).  Respondent concedes that the issue of relief with
respect to the unpaid tax liability for 1992 is moot, because the
period of limitations on collection has expired under sec. 6502
and was not tolled during the pendency of the bankruptcy
proceeding described infra.

resided in Middletown, Pennsylvania, when she filed the petition herein.

During the years in issue, petitioner was married to James S. Vuxta. Mr. Vuxta was a self-employed carpenter who operated his business as a sole proprietorship. Petitioner was not involved in such business. Mr. Vuxta was the primary wage earner of their household.

Petitioner and Mr. Vuxta filed joint Federal income tax returns for taxable years 1989 through 1992. The tax returns were prepared by Mr. Vuxta. Petitioner did not review the tax returns before signing them, relying upon Mr. Vuxta's preparation of such returns. The 1989 tax return was filed on September 17, 1990; the 1990 tax return was filed on September 23, 1991; the 1991 tax return was filed on May 30, 1996; and the 1992 tax return was filed on September 20, 1993. The liabilities relevant to these tax returns remain unpaid. The unpaid liabilities are solely and fully allocable to Mr. Vuxta.

As indicated on the tax returns, petitioner was a "waitress". She is a high school graduate.

On May 1, 1992, petitioner and Mr. Vuxta filed a bankruptcy petition in the United States Bankruptcy Court for the Middle District of Pennsylvania. The date of bankruptcy discharge is May 23, 1997.

Mr. Vuxta died on May 4, 2001. After his death, petitioner received the proceeds of Mr. Vuxta's 401(k) plan.

On May 13, 2002, respondent received petitioner's Form 8857, Request for Innocent Spouse Relief, for taxable years 1988 through 1997. On July 11, 2002, respondent received from petitioner a completed Questionnaire for Requesting Spouse, which contained the following question and petitioner's answer:

4. After the return(s) was filed, what efforts were made by you and your (ex)spouse to pay the tax?

Upon information and belief, my husband entered into payment plans.

Respondent issued petitioner a Final Notice of Determination (notice) dated December 23, 2002. Respondent determined that petitioner was not entitled to relief from joint and several liability under section 6015(b), (c), or (f) for taxable years 1989 through 1995 and 1997. The notice provided: "We did not grant relief because you did not establish a reasonable belief that tax would be paid at the time you signed the tax returns."

OPINION

Generally, married taxpayers may elect to file a joint Federal income tax return. Sec. 6013(a). After making the election, each spouse generally is fully responsible for the accuracy of the return and jointly and severally liable for the entire tax due for that year. Sec. 6013(d)(3); Butler v. Commissioner, 114 T.C. 276, 282 (2000). A spouse (requesting

spouse) may, however, seek relief from joint and several liability by following procedures established in section 6015. Sec. 6015(a).

Under section 6015(a), a requesting spouse may seek relief from liability under section 6015(b) or, if eligible, may allocate liability according to the provisions under section 6015(c). If relief is not available under either section 6015(b) or (c), then an individual may seek equitable relief under section 6015(f). Section 6015(f) permits relief from joint and several liability where "it is inequitable to hold the individual liable for any unpaid tax or any deficiency (or any portion of either)".

Petitioner contends that she is entitled to equitable relief under section 6015(f) for taxable years 1989 through 1992 and that respondent erred in denying her request for such relief.[3] We have jurisdiction to review a denial of a request for equitable relief under section 6015(f). Fernandez v. Commissioner, 114 T.C. 324, 332 (2000). Our review is not limited to respondent's administrative record. Ewing v. Commissioner, 122 T.C. 32 (2004).

---

[3] As indicated earlier, respondent conceded that the issue of relief with respect to 1992 is moot.

Except as otherwise provided in section 6015, petitioner bears the burden of proof. Rule 142(a); <u>Alt v. Commissioner</u>, 119 T.C. 306, 311 (2002).

To prevail, petitioner must show that respondent's denial of equitable relief from joint and several liability under section 6015(f) was an abuse of discretion. <u>Jonson v. Commissioner</u>, 118 T.C. 106, 125 (2002), affd. 353 F.3d 1181 (10th Cir. 2003); <u>Cheshire v. Commissioner</u>, 115 T.C. 183, 198 (2000), affd. 282 F.3d 326 (5th Cir. 2002). Petitioner must demonstrate that respondent exercised his discretion arbitrarily, capriciously, or without sound basis in fact or law. <u>Jonson v. Commissioner</u>, <u>supra</u>; <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

As directed by section 6015(f), the Commissioner has prescribed procedures in determining whether a spouse qualifies for relief under that subsection. The applicable provision is found in Rev. Proc. 2000-15, 2000-1 C.B. 447.[4] We have upheld the procedures in reviewing a determination. <u>Washington v. Commissioner</u>, 120 T.C. 137, 147-152 (2003).

Rev. Proc. 2000-15, sec. 4.01, 2000-1 C.B. at 448, provides seven threshold conditions that must be satisfied before the

---

[4] This revenue procedure was superseded by Rev. Proc. 2003-61, which is effective either for requests for relief filed on or after Nov. 1, 2003, or for requests for relief pending on Nov. 1, 2003, for which no preliminary determination letter has been issued as of Nov. 1, 2003. Rev. Proc. 2003-61, sec. 7, 2003-32 I.R.B. 296, 299.

Commissioner will consider a request for equitable relief under section 6015(f). Respondent concedes that these seven threshold conditions are satisfied in the present case.

Rev. Proc. 2000-15, sec. 4.02, provides circumstances under which equitable relief under section 6015(f) will ordinarily be granted. This section of the revenue procedure only applies to cases where a liability reported on a joint return is unpaid and where all three elements of Rev. Proc. 2000-15, sec. 4.02(1), need to be satisfied. It appears from the record that at least one of these three elements is not satisfied. Specifically, petitioner has not shown that she will suffer economic hardship if relief is not granted. Her debts were discharged in bankruptcy on May 23, 1997, and petitioner received the proceeds of Mr. Vuxta's 401(k) plan after his death on May 4, 2001.

We, therefore, next consider the positive and negative factors set forth in Rev. Proc. 2000-15, sec. 4.03, in determining whether to grant relief. Section 4.03 of this revenue procedure makes clear that no single factor is to be determinative in any particular case, that all factors are to be considered and weighed appropriately, and that the list of factors is not intended to be exhaustive.

We first review each of the following six factors weighing against relief, as listed under section 4.03(2), 2000-1 C.B. at 449, of the revenue procedure:

a.  Attributable to Nonrequesting Spouse

The unpaid liabilities are solely and fully allocable to Mr. Vuxta.  This factor is squarely in favor of petitioner.

b.  Knowledge, or Reason To Know

If a requesting spouse knew or had reason to know that the reported liability would be unpaid at the time the return was signed, this is an "extremely" strong factor weighing against relief.  Rev. Proc. 2000-15, 4.03(2)(b).  With respect to the unpaid liabilities for the 1990 and 1991 taxable years, petitioner knew or had reason to know that such liabilities would be unpaid at the time the respective returns were signed.  The bankruptcy case was still pending when petitioner and Mr. Vuxta filed their joint Federal income tax return for the 1991 taxable year on May 30, 1996.  The filing of the return for the 1990 taxable year on September 23, 1991, preceded the filing of their bankruptcy petition on May 1, 1992, only by a little over 7 months.  Petitioner indicated that she believed her husband had entered into payment plans for the unpaid tax liabilities, although it is unclear as to which taxable years.

The situation, however, is different with respect to the unpaid liability for the 1989 taxable year.  More than 19 months

passed before the bankruptcy petition was filed.  The 1989 return was prepared by Mr. Vuxta.  Petitioner was not the primary wage earner and was not involved in Mr. Vuxta's business.  It does not appear from the record that petitioner knew or had reason to know that such liability would be unpaid at the time the 1989 return was filed on September 17, 1990.

c.  <u>Significant Benefit</u>

The record is not clear as to whether petitioner has significantly benefited (beyond normal support) from the unpaid tax liabilities.

d.  <u>Lack of Economic Hardship</u>

As we indicated earlier, petitioner has not shown that she will suffer economic hardship if relief is not granted.  Her debts were discharged in bankruptcy on May 23, 1997, and petitioner received the proceeds of Mr. Vuxta's 401(k) plan after his death on May 4, 2001.

e.  <u>Noncompliance With Federal Income Tax Laws</u>

The record is devoid of any information regarding whether petitioner has not made a good faith effort to comply with Federal income tax laws in the tax years following the tax years to which the request for relief relates.

f.  Requesting Spouse's Legal Obligation

The record is also devoid of any information regarding whether petitioner has a legal obligation pursuant to a divorce decree or agreement to pay the liability.

Counterbalancing the factors weighing against relief are the factors weighing in favor of relief.  We next review each of the following six factors, as listed under Rev. Proc. 2000-1, sec. 4.03(1), to evaluate whether they serve as a makeweight for equitable relief under section 6015(f):

a.  Marital Status

Petitioner is separated or divorced from Mr. Vuxta.  He died on May 4, 2001, a year before petitioner made her request for relief from joint and several liability.  This factor is squarely in favor of petitioner.

b.  Economic Hardship

As we indicated earlier, petitioner has not shown that she will suffer economic hardship if relief is not granted.

c.  Abuse

There is nothing in the record indicating that petitioner was subject to abuse.

d.  No Knowledge or Reason To Know

As we indicated earlier, petitioner knew or had reason to know that the reported liabilities for 1990 and 1991 would be unpaid at the time the corresponding returns were signed.

However, it does not appear from the record that petitioner knew or had reason to know that the reported liability for 1989 would be unpaid at the time the return was signed.

e. Nonrequesting Spouse's Legal Obligation

As we indicated earlier, the record is devoid of any information regarding whether petitioner has a legal obligation pursuant to a divorce decree or agreement to pay the liability.

f. Attributable to Requesting Spouse

As we indicated earlier, the unpaid liabilities are solely and fully allocable to Mr. Vuxta, and this factor is squarely in favor of petitioner.

Upon consideration of the entire record, especially in light of the factors in Rev. Proc. 2000-15, sec. 4.03, we cannot conclude that there was an abuse of discretion in denying petitioner relief under section 6015(f) for the 1990 and 1991 taxable years. However, we conclude that there was an abuse of discretion in denying such relief for the 1989 taxable year and hold that petitioner should be relieved from liability for such taxable year under section 6015(f).

An appropriate order and decision will be entered.